STURGIS, Chief Judge.
This is an appeal from a summary final judgment for defendants.
The plaintiffs, Mr. and Mrs. Roy Sanders, sued National Casualty Company, herein called the “insurer,” to recover damages under an alleged oral contract of automobile liability insurance applicable to a motor vehicle owned by plaintiff Roy Sanders and registered or principally garaged in this state. The complaint alleged that by said contract plaintiffs were entitled, inter alia, to be indemnified by the insurer against loss to the extent of such amount, within the limits of the contract, as they were lawfully entitled to recover from owners or operators of uninsured motor vehicles on account of bodily injury, sickness or disease resulting from the negligent operation by the uninsured motorist; and it was further alleged that being so insured the plaintiffs suffered permanent bodily injuries, pain and suffering, and were compelled to expend large sums of money for treatment thereof, and that the plaintiff husband lost the services of his wife, all due to the negligent operation on November 17, 1961, of a motor vehicle owned and operated by one Jesse Daniel Crow, an uninsured motorist, which collided with an MG automobile owned and driven by plaintiff Roy Sanders, in which his wife was riding, and allegedly covered by said provision affording “uninsured motorist” protection. Plaintiffs allege that on numerous occasions the defendant insurer had been requested to provide “uninsured motorist coverage” in the premises and had refused to do so. We construe this to mean that the insurer refused to pay plaintiffs’ demands in the premises.
The complaint separately charges that defendant Sam Armour was the agent of the defendant insurer in and about the sale of said insurance and that the defendant J. M. Armour was the agent of defendant Sam Armour and subagent of the insurer in the premises; that the defendant Sam Armour, acting by and through defendant J. M. Armour, represented to plaintiff Roy Sanders that uninsured motorist coverage existed in respect to two separate policies of insurance issued by said agent and/or sub-agent on behalf of the insurer. (Note: This relates (a) to an alleged written new policy of insurance on the above mentioned MG automobile as supplemented by an alleged oral contract incorporating uninsured motorist coverage therein, and (b) to a separate policy of insurance on a 1956 Ford automobile that was issued February 19, 1961, covering the period from that date until February 20, 1962, and which remained in its original form. We later state certain facts as to the inception of these contracts of insurance.)
Plaintiffs’ claim against the Armours individually is that they “did not in fact know whether or not the plaintiff, Roy Sanders, did or did not have uninsured motorist coverage” and that under the circumstances each “should have known, if he did not know, that there was no rminsured motorist coverage on Roy Sanders.” On that premise plaintiffs charged that defendants Sam Armour and J. M. Armour made a misrepresentation of fact upon which plaintiffs *438 relied to their damage and for which they are entitled to recover.
Plaintiffs finally alleged that it was necessary to engage the services of attorneys to prosecute said claims, and thereupon jointly prayed for judgment against the defendant insurer in the total amount of the alleged coverage ($40,000), plus interest, costs, and reasonable attorney’s fees; in the alternative for judgment against defendants Sam Armour and J. M. Armour in the sum of $40,000, plus interest and costs. A jury trial was demanded.
Motions of the defendants to dismiss the complaint for failure to state a cause of action entitling plaintiffs to the relief sought were denied. The defendant insurer then filed an answer denying the alleged contractual liability and putting plaintiffs to proof thereon. The Armours do not appear to have filed an answer. However, they did file a motion for a more definite statement of plaintiffs’ claim and the same was pending when the judgment appealed was entered.
As the cause progressed interrogatories to the defendant insurer were answered, plaintiffs responded to certain requests for admissions, depositions were taken of the plaintiffs and of defendants J. M. Armour and Sam Armour, and certain affidavits and exhibits were filed. These, together with the pleadings and other matters of record, were before the trial court on consideration of motions for summary judgment filed by the respective parties. Plaintiffs’ motion was denied. Summary judgment was entered for defendants, hence this appeal.
Plaintiffs’ motion for summary judgment was on the specific ground that the pleadings, depositions and other matters filed in the cause show that a policy of insurance under which they claim against the defendant insurer, identified as No. 67418-A, was delivered after July 1, 1961. It is plaintiffs’ theory that since the uncontra-dicted proofs show that a written page of the policy entitled “Declarations” was delivered, to plaintiffs after July 1, 1961, and' since it reflected a change in the terms and' conditions of the insurance coverage from that provided by the “Declarations” page of a policy issued February 19, 1961, for which the new page was substituted, it follows as a matter of law that a new contract of insurance was entered into subsequent to July 1, 1961, the effective date of section 627.0851(1), Florida Statutes 1961, F.S.A.,[1] and that statutory uninsured motorist coverage was provided thereby, notwithstanding the lack of any written reference to such coverage in such new contract. This contention must be tested, however, by all of the facts and circumstances, rather than the isolated delivery after July 1, 1961, of the declaration page.
The statute provides that “No automobile liability insurance * * * shall be delivered or issued for delivery * * * unless coverage is provided * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * but the coverage required is not applicable where any insured named in the policy rejects the coverage. It is common knowledge that insurance coverage of various types is regu *439 larly consummated by oral agreements between the insured and the insurer. We interpret the phrase “delivered or issued for delivery” as having reference to the time when a binding contract of insurance is entered into rather than to the time when written evidence thereof is made up in the office of the insurer or its agent or manually delivered to the insured. Applying that rule to the undisputed facts in this case, we find:
In February of 1961 plaintiff Roy 'Sanders purchased from the defendant insurer automobile liability insurance policy No. FA-67418 on a 1955 Chevrolet, covering bodily injury, property damage and medical payments within specified limits. On or about June 20, 1961, Sanders made arrangements with the insurer’s agent, defendant Sam Armour, whereby the coverage on the Chevrolet was eliminated and the same, together with added comprehensive and collision coverage, was placed on a 1960 MG automobile. After the effective date of F.S. § 627.0851(1), F.S.A. (July 1, 1961) the insurer’s agent, defendant Sam Armour, delivered by mail to plaintiffs a single-page document entitled “Declarations,” which we will call “page No. 2,” in substitution for the “Declarations” page of the written policy originally issued on the Chevrolet for the policy period from February 19, 1961, to February 19, 1962, which we will call “page No. 1.” The printed material on such "Declarations” pages is identical. The variances are in the typed insertions. Among these is found a recitation on the face of page No. 2 that it is applicable to policy No. FA-67418-A and that it replaces “FA-67418,” this being the policy number shown on page No. 1; page No. 2 describes the 1960 MG automobile and shows a lien thereon in favor of a named party, no lien appearing by page No. 1; and in addition to coverage and limits formerly provided on the Chevrolet as shown by page No. 1, page No. 2 shows comprehensive and collision insurance coverage, states a greater premium, and shows an increase in the amount of the installment premium payment due on October 19, 1961.
The insurer’s agent, defendant Sam Armour, made an error of undercharge in calculating the premium payable for the insurance coverage on the MG automobile for the policy period from June 20, 1961, to February 19, 1962, which admittedly included the added comprehensive and collision coverage, and on August 17, 1961, plaintiff Roy Sanders remitted the amount required to make up the balance.
The above recited facts clearly indicate that prior to July 1, 1961, a contract of insurance had been entered into covering the MG automobile and that at its inception it did not include uninsured motorist coverage. Such coverage does not come to exist as a matter of law by the delivery to plaintiffs, or either, subsequent to July 1, 1961, of the within mentioned declaration page No. 2 which did no more than express some of the details of an insurance contract (on the MG automobile) consummated prior to that critical date. Plaintiffs’ motion for summary judgment was properly denied.
The validity of the summary judgment for defendants must be tested in the light of the proofs most favorable to plaintiffs. Having concluded that the insurance contract in suit does not perforce the statute provide uninsured motorist coverage, we turn to the pleadings and proofs to ascertain whether other transactions between the parties present any material issue of controverted fact, determinable only by the jury, upon which rests the alleged liability of the defendants or one or more of them. Construed in that light, plaintiffs’ proofs reveal that on a date subsequent to July 1, 1961, plaintiff Roy Sanders received from defendant Sam Armour a notice indicating the amount payable October 19, 1961, as the final installment under a schedule of premium payments applicable to the policy on the MG automobile, and received another such notice applicable to a separate one-year policy of automobile liability insurance issued to plaintiff Roy Sanders February 19, 1961, on a Ford automobile. The latter policy remained in the same form as issued *440 and no demand is made thereon. Some question developed in the mind of the in- . sured as to whether the October 19, 1961, installment payments as called for by the notices were not excessive. Accordingly, prior to the mentioned accident in which the MG automobile was involved he paid a visit to the office of defendant Sam Armour, insurer’s local agent, and there consulted with the defendant J. M. Armour, an employee in the agent’s office, who informed said plaintiff that the amount called for by the notice covered uninsured motorist protection as then required by law. Plaintiff Roy Sanders agreed to such coverage and at his request defendant J. M. Armour, alleged to be the agent of Sam Armour and subagent of the insurer, made notations on said premium notices indicating that uninsured motorist coverage was included in the amount specified to be payable as the premium for such insurance. The defendants presented proofs directly controverting the proofs of the plaintiffs with respect to the alleged transactions between defendant J. M. Armour and plaintiff Roy Sanders and tending to avoid the alleged relationship of principal and agent as between the defendant insurer and defendant J. M. Armour and as between the defendant Sam Armour and defendant J. M. Armour. It is the province of the jury to resolve disputed issues of fact.
We are not unmindful of the provisions of section 626.041, Florida Statutes 1961, F.S.A., defining the term “general lines agent” as used in Part I of Chapter 626, Florida Statutes, F.S.A. which excludes from said definition certain salaried employees performing certain limited services in the office of the agent. The statute is to be strictly construed to the end that one who deals in good faith with an employee of a general lines agent who is clothed with apparent authority to perform the act relied upon will not be deprived of his lawful rights in the premises. The statute is not a limitation upon or abridgement of the general rules of law applicable to the relationship of principal and agent. We are mindful that in the field of insurance much business is transacted between the insured and employees of general lines agents. The insurer and the general lines agent are bound by the acts of an employee of either performed within the actual or apparent scope of authority.
The proofs before the trial court reveal a genuine issue of fact precluding entry of the judgment appealed.
Reversed.
CARROLL, DONALD, and RAWLS, JJ., concur.

. Section 627.0851(1) provides:
“No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than limits described in § 324.021(7), under provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured, named in the policy shall reject the coverage.”